Cox, J. '
The defendant in error held a mortgage on property assigned by Ware. The present trustee succeeded A. A. Clerke, assignee, *62 deceased. Clerke continued the business of the assignor for a time after the assignment was made, and in so doing lost money. In continuing the business he advanced money of his own, and took a mortgage on the property to secure himself. The probate court held that the Phipps mortgage was prior to the claim of Clerke for advances made by him in continuing the business and attorney’s fees. Clerke took an appeal, but died before executing a bond. The common pleas court thereupon decided that as the action was for the benefit of Clerke, individually, and not for the benefit of the trust, before the appeal could be perfected, he should have given a bond, and dismissed the appeal.
L. S. Cotton and E. P. Brad-street, for the plaintiff.
Wm. Worthington, for the defendant.
Held, that under Revised Statutes 6408, a bond for appeal must be given unless the appeal be in the interest of a trust, and that the common pleas court decided correctly that the action at bar was not for the benefit of the trust, but for the benefit of Clerke individually.
Judgment affirmed.
A second case between the same parties presented the same state of facts, except that in this case Clerke executed a bond before his decease, but failed to file the transcript in the common pleas court. This omission was corrected, as it was supposed, by the filing of the transcript by Mr. Biddle, Mr. Clerke’s successor in the management of the Ware trust.
Held, that Biddle has no right of recovery, and hence acted without authority in the filing of the transcript. By Revised Statutes 6409, it is made the duty of the person appealing to file the appeal in the court of common pleas. Possibly the personal representative of Clerke would have a right to file it, but certainly no such right attaches to his successor in the administration of the trust. Still another reason why Biddle could not recover was that he had never been substituted as the plaintiff in the case.